# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GE LIGHTING SOLUTIONS, LLC, | ) | Case No.  1:12-CV-3131 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| LIGHTS OF AMERICA, INC., | ) | |
| Defendant. | ) | |
| | ) | |
| GE LIGHTING SOLUTIONS, LLC, | ) | Case No.  1:12-CV-3132 |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| v. | ) | |
| LIGHTING SCIENCE GROUP CORP., | ) | |
| Defendant. | ) | |
| | ) | |
| GE LIGHTING SOLUTIONS, LLC, | ) | Case No.  1:12-CV-3133 |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| v. | ) | |
| CRS ELECTRONICS, INC., | ) | |
| Defendant. | ) | |
| | ) | |
| GE LIGHTING SOLUTIONS, LLC, | ) | Case No.  1:12-CV-3134 |
| Plaintiff, | ) | Judge Dan Aaron Polster |

|  |  |  |
|---|---|---|
| v. | ) | |
| | ) | |
| **FEIT ELECTRIC COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| **GE LIGHTING SOLUTIONS, LLC,** | ) | Case No. 1:12-CV-3136 |
| | ) | |
| **Plaintiff,** | ) | Judge Dan Aaron Polster |
| | ) | |
| v. | ) | |
| | ) | |
| **MSI, LLC,** | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| **Defendant.** | ) | |

**\*\*THIS DOCUMENT APPLIES TO ALL OF THE ABOVE-CAPTIONED CASES\*\***

GE Lighting Solutions, LLC, filed suit against these five defendants for infringing two of its patents. Since the cases are related and I had been randomly assigned the earliest-filed ones (1:12cv3131 and 1:12cv3132), I agreed to be reassigned the other three (1:12cv3133, 1:12cv3134, and 1:12cv3136). *See* Local Rule 3.1(b)(3). Now pending are five motions—one motion per case—filed by GE Lighting. The motions are virtually identical, so I will dispose of them in a single opinion.

The motions are twofold. They first seek to dismiss Defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. They also seek to strike most of Defendants' affirmative defenses for a similar reason: The defenses are insufficiently pled because they lack factual support. The first part of the motions is well-taken and will be granted and the counterclaims will be dismissed, though

Defendants will be permitted to amend their pleadings should they discover (and allege) facts to support their counterclaims. The second part of the motions will be denied; the affirmative defenses shall stand.

I. Background

This lawsuit involves two patents for light-emitting diode, or LED, systems—lighting systems that are significantly more energy-efficient than traditional halogen and incandescent bulbs. GE Lighting claims to own the two patents, both of which were issued in 2004. The patent numbers are 6,787,999 and 6,799,864. GE Lighting alleges that the five defendants infringed their patents by "importing, making, selling, offering to sell, and/or using certain LED lamps that embody the patented invention[s]." (Doc. # 1 at 4-5).[1] Defendants, in their responsive pleadings, assert various affirmative defenses and counterclaims.

II. Counterclaims

Here are the counterclaims that GE Lighting is challenging:

- Non-infringement counterclaim: "[Defendant] has not infringed any valid and enforceable claim of United States Patent Nos. 6,787,999 or 6,799,864, either literally or under the doctrine of equivalents." (Doc. # 10 at 7, Case No. 1:12cv3131). See the following responsive pleadings for more or less the same counterclaim: Doc. # 12 at 13-14, Case No. 1:12cv3132; Doc. # 12 at 12-14, Case No. 1:12cv3133; Doc. # 19 at 7, Case No. 1:12cv3134; Doc. # 12 at 13-14, Case No. 1:12cv3136.

- Invalidity counterclaim: "The claims of United States Patent Nos. 6,787,999 and

---

[1]Same document and same pages in all five cases.

6,799,864, are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, judicial decision, and laws pertaining thereto." (Doc. # 10 at 8, Case No. 1:12cv3131). Ditto at Doc. # 12 at 13-14, Case No. 1:12cv3132; Doc. # 12 at 13-14, Case No. 1:12cv3133; Doc. # 19 at 8, Case No. 1:12cv3134; Doc. # 12 at 10, Case No. 1:12cv3136.

GE Lighting contends that the "counterclaims are nothing more than vague accusations" that fail to satisfy the notice-pleading requirements under Rule 8 and the dictates of *Aschcroft v. Iqbal*, 556 U.S. 622 (2009), and *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007), which require a litigant to allege enough facts in its pleading to give the opposing party fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

The trouble with Defendants' counterclaims is that they provide no facts apart from background information relating to the parties, venue, and jurisdiction. Take for instance the second counterclaim: invalidity. The claim is that GE Lighting's patents "are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, judicial decision, and laws pertaining thereto." (Doc. # 10 at 7, Case No. 1:12cv3131). This assertion gives the reader no hint or suggestion about the factual basis for the claim. That is unacceptable under the current pleading standard; a claim must establish a right to relief "beyond the speculative level," which is done by giving the opposing party an idea of the grounds upon which the claim rests. *Twombly*, 550 U.S. at 555. The same is true of the other counterclaim (non-infringement); Defendants offer nothing more than conclusory allegations.

-4-

The Court is not alone in reaching this conclusion.  Other courts have dismissed identical counterclaims for failing to satisfy the notice-pleading standard.  *See Senju Pharm. v. Apotex*, 2013 WL 444928 at *4 (D. Del. Feb. 6, 2013) (dismissing for complete lack of factual support an invalidity counterclaim in a patent-infringement suit); *Gemcor II v. Electroimpact*, 2012 WL 628199 *3 (D. Kan. Feb. 27, 2012) (same); *PPS Data v. Availity*, 2012 WL 252830 at *2 (M.D. Fla. Jan. 26, 2012) (dismissing for lack of any factual support a non-infringement counterclaim); *PPS Data v. Allscripts Healthcare Solutions*, 2012 WL 243346 at *4 (M.D. Fla. Jan. 25, 2012) (same).

Defendants offer two arguments in response.  They argue that their counterclaims need not satisfy the heightened pleading standard; instead, the counterclaims need only satisfy the pleading paradigm for a patent-infringement claim illustrated by Form 18 of the Appendix to the Federal Rules of Civil Procedure.  Form 18 is a sample complaint, and it is simple and straightforward.  Still, it includes factual support for the claim.  *See, e.g.*, *Senju Pharm.*, 2013 WL 444928 at *4 (D. Del. Feb. 6, 2013) ("Form 18 still requires that some factual underpinning be presented....").  For example, the form includes an allegation that the "defendant has infringed...the Letters Patent by making, selling, and using *electric motors* that embody the patented invention...."  (Original italics and underline).  Defendants here, in contrast, offer zero factual support, only threadbare legal assertions, meaning that they have complied with neither the *Iqbal/Twombly* standard nor the standard exemplified by Form 18.

Defendants' second argument is that the pleading requirements are mooted by the Local Patent Rules, which require defendants to serve on the opposing party Noninfringement Contentions and Initial Invalidity and Unenforceability Contentions.  *See* Local Patent Rules 3.3-

3.6. Defendants contend that once GE Lighting receives these documents it will have "*much more* than simple factual allegations on noninfringement and invalidity." (Doc. # 22 at 2) (original emphasis). The problem with that argument is that it puts the cart before the horse. The pleading standard requires a party to provide adequate factual support in its pleading *before* commencing discovery, not afterward. Granted, Defendants may, through the process of discovery, uncover factual support for their counterclaims. When that happens (assuming it does), they may amend their pleadings. But it would undermine Rule 8 to permit a threadbare assertion of a claim on the promise that discovery will unveil the claim's factual basis.

III. Affirmative Defenses

The affirmative defenses are a different story. Here they are, in pertinent part:

- "[O]ne or more that of claims in the patents-in-suit are invalid or unenforceable under one or more provisions of the Patent Act, 35 U.S.C. § 101 et seq., including but not limited to §§ 101, 102, 103 and/or 112 thereof, and related judicial decisions." (Doc. # 10 at 4, Case No. 1:12cv3131). Nearly identical defenses have been asserted by the other defendants: Doc. # 12 at 9-10, Case No. 1:12cv3132; Doc. # 12 at 9, Case No. 1:12cv3133; Doc. # 19 at 5, Case No. 1:12cv3134; Doc. # 12 at 9-10, Case No. 1:12cv3136.

- "[Defendant] has not infringed, either directly, contributorily, or by inducement, any claim of any of the patents-in-suit, either literally or under the doctrine of equivalents." (Doc. # 10 at 4, Case No. 1:12cv3131). Same: Doc. # 12 at 9-10, Case No. 1:12cv3132; Doc. # 12 at 9, Case No. 1:12cv3133; Doc. # 19 at 5, Case No. 1:12cv3134; Doc. # 12 at 9, Case No. 1:12cv3136.

- "Plaintiff is barred from asserting infringement under the doctrine of equivalents by the doctrine of prosecution history estoppel." (Doc. # 10 at 5, Case No. 1:12cv3131). Same: Doc. # 12 at 10, Case No. 1:12cv3132; Doc. # 12 at 10, Case No. 1:12cv3133; Doc. # 19 at 5, Case No. 1:12cv3134; Doc. # 12 at 10, Case No. 1:12cv3136.

- "The patents-in-suit are unenforceable due to the unreasonable and unexplained delay in prosecuting the claims of said patents." (Doc. # 10 at 6, Case No. 1:12cv3131).

- "To the extent that Plaintiff or a relevant entity has granted any of Feit's suppliers a license under the '999 and '864 patents, Feit has a license, express and/or implied, to the '999 and '864 patents." (Doc. # 19 at 5, Case No. 1:12cv3134).

GE Lighting challenges these defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which permits a court to strike from a pleading an insufficient defense. Under Rule 8, defenses must be stated "in short and plain terms" and must be "simple, concise, and direct." FED. R. CIV. P. 8(b), (d). But GE Lighting goes one step further and contends that a defense is insufficient—and must therefore be stricken—if it could not withstand a Rule 12(b)(6) challenge. In other words, GE Lighting would apply the heightened pleading standard under *Iqbal* and *Twomby* to affirmative defenses.

To be sure, GE Lighting has a case from this district that supports its position. *See HCRI TRS Acquirer v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio 2010) (noting that an affirmative defense must be stricken if it could not withstand a 12(b)(6) challenge). But the case cannot be squared with a published Sixth Circuit opinion in which the court held that the Federal Rules of

-7-

Civil Procedure do not require a heightened pleading standard for defenses. *Montgomery v. Wyeth*, 580 F.3d 455, 468 (6th Cir. 2009); *see also Chiancone v. City of Akron*, 2011 WL 4436587 (N.D. Ohio Sept. 23, 2011) (citing *Montgomery* and concluding that the heightened pleading standard does not apply to affirmative defenses). Under the Sixth Circuit's lenient standard, even a threadbare, factually hollow, affirmative defense like this one is adequate: "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose." *Montgomery*, 580 F.3d at 467.

Because an affirmative defense may be pleaded in general terms, it "will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1274). No factual details need be provided. *See* 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 2013) (collecting cases in which courts have held there is no requirement that affirmative defenses show any facts at all). That is why an invalidity counterclaim asserted without any factual support will be dismissed under 12(b)(6) while an identically worded affirmative defense will not. *See, e.g., Gemcor II v. Electroimpact*, 2012 WL 628199 *3 (D. Kan. Feb. 27, 2012) (dismissing for lack of factual support an invalidity counterclaim while allowing an identically worded affirmative defense because the affirmative defense provided notice that invalidity would be a possible issue at trial and the plaintiff could "determine the details of this defense through targeted discovery").

Accordingly, even though Defendants' affirmative defenses lack factual content, they are sufficient because they put GE Lighting on notice of the nature, if not the details, of the defenses.

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part GE Lighting Solutions' motions to dismiss Defendants' counterclaims and to strike Defendants' affirmative defenses. Accordingly, the Court hereby **DISMISSES** Defendants' counterclaims.

This order resolves the following motions in the following cases: Doc. # 15, Case No. 1:12cv3131; Doc. # 19, Case No. 1:12cv3132; Doc. # 22, Case No. 1:12cv3133; Doc. # 26, Case No. 1:12cv3134; Doc. # 14 Case No. 1:12cv3136.

    **IT IS SO ORDERED.**

                                           */s/Dan Aaron Polster 5/3/13*
                                           **Dan Aaron Polster**
                                           **United States District Judge**